IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 24-CR-107-SEH |
| BRANDON EARL PRESLEY, | ) ) |
| Defendant. | ) ) |

## MOTION FOR NONGUIDELINE SENTENCE

Brandon Earl Presley, by and through undersigned counsel, moves the Court to impose a nonguideline sentence. Specifically, Mr. Presley moves the Court for a downward variance of four levels, to sentence him to a term of 180 months to be followed by a term of supervised release. Mr. Presley's requested sentence is sufficient, but not greater than necessary, and is based on consideration of the 18 U.S.C. § 3553(a) factors.

## ARGUMENT AND AUTHORITY

The fundamental rule governing consideration for the district court in sentencing is known as the "parsimony principle"; it is the directive of Congress that the district court shall "impose a sentence sufficient, *but not greater than necessary*, to comply with the four identified purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation." *Dean v. United States*, 137 U.S. 1170, 1175 (2017) (emphasis added). Further, the Court has emphasized the need for individualized sentencing, reiterating the principle that "the punishment should fit the offender and not merely the crime." *Pepper v. United States*, 131 U.S. 1229, 1240 (2011), quoting *Williams v. New York*, 337 U.S. 241, 247 (1949); see also *Miller v. Alabama*, 567 U.S. 460, 469 (2012) ("punishment for crime should be graduated and proportioned to both the offender and the offense") (quoting *Weems v. United States*, 30 U.S. 544 (1910)).

In *United States v. Booker*, 125 S. Ct. 738, 756 (2005), the Supreme Court of the United

States held that 18 U.S.C. § 3553(b) violates the Sixth Amendment to the extent it makes the Federal Sentencing Guidelines mandatory. The Sentencing Reform Act, as revised by *Booker*, permits a sentencing court to tailor a sentence considering statutory concerns. See 18 U.S.C. § 3553(a), *Booker*, 125 S. Ct. at 757. Under *Booker*, sentencing courts must treat the guidelines as just one of several sentencing factors set forth in 18 U.S.C. § 3553(a), and "may not presume that the guideline range is reasonable but must make an individualized assessment based on the facts presented." *Gall v. United States*, 522 U.S. 38, 39 (2007).

The intent of 18 U.S.C. § 3553, et seq. is for the sentencing court to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth therein. Section 3553(a)(2) states that such purposes are:

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, § 3553(a) further directs sentencing courts to consider the following factors:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the kinds of sentences available;

    (3)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (4)    the need to provide restitution to any victims of the offense.

*Booker* requires judicial fact-finding that considers all the § 3353(a) factors, many of which

the guidelines either reject or ignore. *United States v. Ranum*, 353 F.Supp.2d 984, 985-86 (E.D. Wisc. 2005). After *Booker*, a sentencing court must consider all the § 3553(a) factors, not just the Guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing.

Mr. Presley requests the Court vary downward four levels and sentence him to a term of 180 months followed by a term of supervised release; a sentence that is sufficient, but not greater than necessary, to achieve the sentencing goals as set forth by Congress.

<u>*Discussion of Factors and Arguments in Support of Sentence Requested*</u>

**1.     The nature and circumstances of the offense and the history and characteristics of the defendant.**

*Nature and Circumstances of the Offense*

In August 2019, Mr. Presley was 24 years old and working as a coach for Bixby High School. Mr. Presley coached many students both for football and track, both boys and girls. He had a good relationship with the students and faculty. Mr. Presley talked with students on both text and social media regarding schedules and training. Between August of 2019, and February of 2024 ,a few of those conversations went too far.

Mr. Presley engaged in sexual activity and/or contact with three minors in the Northern District of Oklahoma. During one encounter with one of the minor victims, he took one photo of her performing oral sex. This photograph was taken and never accessed again.[1] It remained on his phone buried in cache files. This is the only image of child pornography that he possessed or produced.

---

[1] See Exhibit 1: Screenshot of metadata found on Brandon Presley's phone.

3

### *History and Characteristics of the Defendant*

Mr. Presley is the only sibling in his family who underachieved. He is surrounded by star athletes; athletes he helped coach and create. While each of his siblings rose to accomplish their dreams, Mr. Presley remained behind in the shadows.[2] This does not mean his parents are not proud of him or do not love him, but this does explain his need for approval and acceptance. He needed to feel wanted for more than just his coaching abilities. The truth is, Mr. Presley has never risen to the occasion, he dropped out of college, had mediocre jobs, and lived at home with his parents at 28 years old. It is no surprise that Mr. Presley began seeking the attention of anyone who would have him. While his younger siblings were soaring to incredible heights, he was left behind on the sidelines. He is proud of his siblings, and grateful for every moment he helped coach them to their dreams, dreams that he could never aspire to, never achieve, and will be able to dream again.

Mr. Presley's family is supportive, loving, and highly respected in the community. Mr. Presley is incredibly close to his parents and siblings. His parents appear at all his court hearings and legal commitments. The support he has from his family and community is impressive, as can be seen by the letters addressed to the court on his behalf.[3]

Mr. Presley never suffered from neglect or needed anything. His father worked to support the family, and his mother was a homemaker raising her seven children. His siblings have lived successful lives. One sister successfully competed in track and field in college. One younger brother was drafted recently into the NFL. Two younger brothers continue to play football for a local college and high school. This family knows the value of hard work and dedication. They are

---

[2] PSR ¶ 80.
[3] See letters submitted to court by defense.

successful and diligent in their endeavors. Mr. Presley was the child that failed to launch. He helped everyone else achieve their goals and never attained any of his own.

Mr. Presley had a stable home life and was supported and loved deeply by his parents. He graduated high school from Booker T. Washington in 2012. He attended Northeastern Oklahoma A&M College. He later attended Oklahoma State University. When Mr. Presley left college, he began working at Mosquito Militia pest control. He worked there until his arrest. At the same time, he continued to coach track and field athletes. He always maintained employment, from being a clerk at QuikTrip to working at Lowes and Academy Sports. He was never idle or unemployed.

Mr. Presley has never suffered from mental health issues or medical issues. There is no history of substance abuse. He has never been married and has no history of long-term relationships. He has no children. Mr. Presley was raised well, educated well, and had a bright future. These actions were surprising to those around Mr. Presley, but Mr. Presley has acknowledged his guilt, admitted responsibility, and he deeply regrets his actions.

**2.    The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

   **A.    Seriousness of the Offense, Promote Respect for Law, and Provide Just Punishment for the Offense.**

A felony conviction and a term of 180 months adequately addresses the seriousness of Mr. Presley's criminal offense. The punishment promotes respect for the law and provides just punishment by convicting him of a federal felony and by depriving Mr. Presley of his liberty. Furthermore, Mr. Presley is in primary sate custody, so he will not receive any credit for his federal sentence for the time he has been incarcerated. Mr. Presley will not receive credit for his 426 days in custody. Furthermore, upon release, Mr. Presley will be under the supervision of U.S. Probation.

5

**B.     Afford Adequate Deterrence to Criminal Conduct.**

A federal felony conviction, a term of 180 months followed by supervised release will adequately deter others from considering committing a crime similar to Mr. Presley.

**C.     Protect the Public from Further Crimes of Defendant.**

A federal felony conviction, and a term of 180 months, along with his state sentence will adequately deter Mr. Presley from committing further crimes. Furthermore, Mr. Presley will be subject to supervised release where his actions will be monitored by a probation officer. He will also have to register pursuant to SORNA.

**D.     Provide Defendant with Needed Education or Vocational Training, Medical Care, or other Correctional Treatment in the most Effective Manner.**

Mr. Presley will have the opportunity while in the Bureau of Prisons for any counseling or therapy he may need. Hopefully, he will be able to continue his education or learn trade skills while in the Bureau of Prisons. He would benefit from training and education, which will help him provide a more stable life for himself upon his release. Finally, Mr. Presley will be able to receive services through the U.S. Probation office upon release which affords him access to any continued job placement.

**3.     The kinds of sentences available.**

As to counts one, two, three, five, and six, no minimum term of imprisonment is required. Count four has a minimum sentence of fifteen years. Counts one and six have a maximum punishment of fifteen years, while counts two and three carry a maximum term of two years. Count four carries a maximum term of thirty years, and count six carries a maximum term of ten years. Mr. Presley is not eligible for probation per statute. 18 U.S.C. § 3561(a)(1) and §3561(a)(3). The Court may, but is not required to, impose a fine of up to $250,000.00. 18 U.S.C. § 3571(b). The guideline fine range is $50,000 to $500,000. U.S.S.G. § 5E1.2(c)(3).

While Mr. Presley is prepared to accept the Court's judgment as to the amount of any fine or special assessment that may be imposed, he requests that the Court consider, pursuant to 18 U.S.C. §§ 3572(a)(1) and (2), his lack of income and financial resources and the burden the fine would impose upon him when he is released and begins to find steady employment.

The Court must impose a special assessment of $100.00 per felony count. 18 U.S.C. § 3013(a)(2)(A). Mr. Presley acknowledged during his plea of guilty his responsibility to pay the special assessment at sentencing or as soon thereafter as possible.

4. **The kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.**

The guidelines recommend a custody sentence of 262-327 months. The sentencing guidelines are advisory, not mandatory. *United States v. Booker*, 543 U.S. 220, 259, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Though the sentencing judge must begin the sentencing analysis by correctly calculating and considering the advisory sentencing guidelines, she must not end her analysis after having done so. *Rita v. United States*, 551 U.S. 338, 351, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).

The advisory sentencing guidelines are but one of seven sentencing factors. In *Gall v. United States*, 552 U.S. at 49-50, the Court emphasized the sentencing judge's duty to thoughtfully evaluate all the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence for a defendant. In Mr. Presley's case, a variance downward of four levels and a sentence of 180 months properly reflects all the 3553(a) considerations. This is a sentence that is sufficient, but not greater than necessary, to accomplish the purposes of sentencing.

5. **Any pertinent policy statement issued by the Sentencing Commission.**

Counsel is unaware of any policy statements that affect Mr. Presley's sentence.

**6.    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

What forces Mr. Presley's sentence to the guidelines range of 292-365 is one photograph. One photograph that was taken and never accessed again. It was never looked at again, never sent to anyone, never made it any further than to the depths of Mr. Presley's cached files in his phone. The physical touching of these victims carries significantly less time than the one photograph. It seems absurd that a single photo that was never distributed, accessed, or looked at a second time is punished three times more harshly than an actual sexual act.

When all the 3553(a) factors are properly weighed, the requested sentence does not result in an *unwarranted* sentencing disparity. Counts One, Three, and Six fall under §2A3.2 of the Guidelines. With a criminal history category of I and an adjusted offense level of 27 (including acceptance of responsibility and pattern of conduct) the guideline for these charges are 70-87 months. During the last five fiscal years (FY2020-2024), there were not enough defendants whose primary guideline was §2A3.2, with a Final Offense Level of 27 and a Criminal History Category of I to determine an average length of sentence.[4]

Counts Two and Three fall under §2A3.4 of the Guidelines. With a criminal history category of I and an adjusted offense level of 27 (including acceptance of responsibility and pattern of conduct) the guideline for these charges are 70-87 months. During the last five fiscal years (FY2020-2024), there were 3 defendants whose primary guideline was §2A3.4, with a Final Offense Level of 27 and a Criminal History Category of I. Of these defendants, 67% received a

---

[4] United States Sentencing Commission, Judicial Sentencing Information, https://jsin.ussc.gov/analytics/saw.dll?Dashboard, last visited May 12, 2025.

sentence within range and zero percent received a downward departure or variance. The average length of imprisonment was 112 months.[5]

Count Four falls under §2G2.1 of the Guidelines. With a criminal history category of I and an adjusted offense level of 39 (including acceptance of responsibility and pattern of conduct) the guideline for this charge is 262-327 months. During the last five fiscal years (FY2020-2024), there were 108 defendants whose primary guideline was §2G2.1, with a Final Offense Level of 39 and a Criminal History Category of I. Of these defendants, 56% received a downward departure or variance. The average length of prison time was 217 months.[6]

Count Five falls under §2G2.2 of the Guidelines. With a criminal history category of one and an adjusted offense level of 28 (including acceptance of responsibility and pattern of conduct) the guideline for these charges would be 78-97 months. During the last five fiscal years (FY2020-2024), there were 750 defendants whose primary guideline was §2G2.2, with a Final Offense Level of 28 and a Criminal History Category of I. Of these defendants, 73% received a downward departure or variance and the average length of imprisonment was 56 months.[7]

"[A]rticles have criticized the child pornography guidelines, arguing that they result in unreasonable sentences and are not fairly individualized."[8] There are the "typical" child pornography cases involving horrific images of children being forced to perform acts on each other or on adults.

---

[5] United States Sentencing Commission, Judicial Sentencing Information, https://jsin.ussc.gov/analytics/saw.dll?Dashboard, last visited May 12, 2025.
[6] United States Sentencing Commission, Judicial Sentencing Information, https://jsin.ussc.gov/analytics/saw.dll?Dashboard, last visited May 12, 2025.
[7] United States Sentencing Commission, Judicial Sentencing Information, https://jsin.ussc.gov/analytics/saw.dll?Dashboard, last visited May 12, 2025.
[8] Roger W. Haines, Jr.; Frank O. Bowman, II; & J. Douglas Wilson, Federal Sentencing Guideline Handbook, 913, (2024-2025 Ed).

What happened in this case is not the typical "production of child pornography. The photography is not within the same "heartland" of child pornography in which this Court is accustomed to discussing. This singular photo was never distributed, never viewed again for anyone's gratification, never even accessed. It was not "produced" to be used for a pornographic purpose. Therefore, when all the 3553(a) factors are properly weighed, including the facts of this case, the requested sentence of 180 months does not result in an *unwarranted* sentencing disparity.

7. **The need to provide restitution to any victims of the offense.**

Restitution is mandatory in this case, yet not ascertainable.

## CONCLUSION

Based on the above argument and authority, Mr. Presley respectfully moves the Court, through a downward variance, to sentence him to a term of 180 months to be followed by a term of supervised release.

Respectfully submitted,

**OFFICE OF THE FEDERAL PUBLIC DEFENDER**

Julia L. O'Connell, Federal Public Defender

By:  s/ Katherine A. Greubel
Katherine A. Greubel, OBA # 22488
Assistant Federal Public Defender
Williams Tower I, Suite 1225
One West Third Street
Tulsa, Oklahoma 74103-3532
Telephone: (918) 581-7656
E-mail: katherine_greubel@fd.org
*Counsel for the Defendant*

**CERTIFICATE OF SERVICE**

      I certify that on May 14, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant(s):

Kate Brandon
Alicia Hockenbury
Elliot Anderson
Valeria Luster
Reagan Reininger
Assistant United States Attorneys
Office of the United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119
*Counsel for the Plaintiff*

                                          s/Katherine A. Greubel
                                          Katherine A. Greubel
                                          Assistant Federal Public Defender